UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| HARLAN CULBERTSON,<br><br>    Petitioner,<br><br>V.<br><br>WILLIAM HUTCHINGS, Warden,<br><br>    Respondent. | Civil Action No. 6: 17-203-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

In February 2008, a federal jury in Greenville, Tennessee found Harlan Culbertson guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Because Culbertson had numerous prior convictions, including six for felony drug offenses, he qualified as a career offender subject to a mandatory minimum term of 15 years imprisonment pursuant to 18 U.S.C. § 924(e)(1), with an advisory guideline range of 235 to 293 months imprisonment. The trial court overruled Culbertson's objections to the career offender designation and imposed a 240-month sentence. Culbertson challenged only his conviction on direct appeal. The Sixth Circuit affirmed the conviction in 2010.

In his initial motion for relief filed pursuant to 28 U.S.C. § 2255, Culbertson renewed his challenge to the career offender enhancement, the trial court denied relief and the Sixth Circuit declined to issue a certificate of appealability. In 2016, the Sixth Circuit denied another 2255 challenge to his sentence under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). The court states that Culbertson's sentence was enhanced for prior drug convictions, not prior violent felonies. *United States v. Culberston*, No. 2: 07-CR-67-JRG-MCLC-1 (E.D. Tenn. 2007).

1

Culbertson now petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The bulk of the petition suggests that Culbertson seeks relief from his sentence pursuant to *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016) and *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016) because his sentence was improperly enhanced pursuant to U.S.S.G. § 4B1.1. Culbertson states without explanation that Virginia Code § 18-248 is an indivisible statute and is broader than the comparable guidelines offense. [R. 1]

The Court must conduct an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Culbertson's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court will deny Culbertson's petition because he cannot assert his *Mathis* claim in a § 2241 petition, and because that claim is without merit even if he could.

In *Mathis*, the Supreme Court reiterated that a statute is considered "divisible," therefore permitting use of the modified categorical approach to determine whether a prior offense may be used to enhance a sentence under the career offender provision, only when it contains alternative elements (hence defining multiple offenses), not when it merely contains alternative factual means of committing a single offense. *Mathis*, 136 S. Ct. at 2249, 2251-52. But for a claim based upon a recently-issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten v.*

2

*Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). The Supreme Court in *Mathis* itself made abundantly clear that its holding was required by decades-old precedent and hence did not announce any new rule, *Mathis*, 136 S. Ct. at 2257, and the Sixth Circuit has expressly so held. *In re: Conzelmann*, 872 F. 3d 375, 376-77 (6th Cir. 2017). Therefore Culbertson's *Mathis* claim is not cognizable in a § 2241 petition.

In *Hill,* the Sixth Circuit held that contrary to the general rule, a § 2241 petition may be used to challenge the enhancement of a sentence only in rare cases where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600. Culbertson cannot invoke *Mathis* in a § 2241 petition because he was sentenced in 2008, seven years after *Booker* rendered the Sentencing Guidelines advisory rather than mandatory. Nor was Culbertson's sentence imposed pursuant to § 924(e)(1)'s 15-year mandatory minimum; instead, the 240-month sentence actually imposed was based upon his offense level and criminal history category. And as noted above, *Mathis* is not retroactively applicable to cases on collateral review for purposes of § 2241. Culbertson's claim therefore falls outside the decidedly narrow exception set forth in *Hill*, and his sentencing claim therefore does not fall within the narrow scope of Section 2255(e)'s savings clause. *Peterman*, 249 F.3d at 462.

Finally, Culbertson's claim under *Mathis* is without merit. As an initial matter, *Mathis* dealt with the "violent felony" provision of the ACCA, and numerous courts have held that *Mathis*

3

affords no basis for relief to petitioners like Culbertson whose sentences were instead subject to enhancement based on prior convictions for drug offenses. Cf. *United States v. Brunson*, No. 3:12-CR-113, 2017 WL 1250996, at *2 (E.D. Va. Apr. 3, 2017); *United States v. Jeffery*, No. 14-CR-20427-01, 2017 WL 764608, at *2 (E.D. Mich. Feb. 28, 2017).

*Mathis* does not undermine the trial court's conclusion that Culbertson's prior drug offenses constituted "serious drug offenses." During sentencing proceedings, the probation office concluded that Culbertson had six prior convictions for drug trafficking, including four convictions in 2002 for possession of cocaine with intent to distribute in Virginia. The pertinent Virginia statute provides that "it shall be unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance." Va. Code § 18.2-248(A). The conduct proscribed by Virginia statute is nearly identical to the language of 18 U.S.C. § 924(e)(2)(A)(ii), which defines a "serious drug offense" as a state offense involving the manufacture, distribution, or possession with intent to manufacture or distribute a controlled substance that is punishable by a maximum of ten years or more imprisonment.

Because cocaine is a schedule II substance under Virginia law, Culbertson faced a sentence of five to forty years imprisonment under Virginia law. Va. Code § 18.2-248(C). His convictions thus satisfied § 924(e)(2)(A)(ii)'s requirement that he faced ten or more years imprisonment. And consistent with § 924(e), Va. Code § 18.2-248(A) prohibits the manufacture, distribution, or possession with intent to manufacture or distribute a controlled substance. While the Virginia statute includes selling or giving drugs within its prohibition, those terms connote merely alternative forms of the "distribution" of a controlled substance, and hence violation of the Virginia statute qualifies as a valid predicate for purposes of the ACCA. Courts in the Fourth Circuit have

4

consistently so held, both before and after *Mathis* was decided. *United States v. Boysaw*, 198 F. App'x 321, 324 (4th Cir. 2006); *Lee v. United States*, 89 F. Supp. 3d 805, 812-13 (E.D. Va. 2015); *United States v. Holloway*, No. 5:09-CR-30, 2017 WL 1483440, at *2-3 (W.D. Va. Apr. 24, 2017); *Tarik Khalil Long v. United States*, No. , 2017 WL 4799798, at *3-4 (E.D. Va. Oct. 23, 2017) (concluding that conviction under Va. Code § 18.2-248(A) constitutes a "controlled substance offense" under the functionally-identical U.S.S.G. § 4B1.2(b)). See also *United States v. Barker*, No. 7:13-CR-72, 2016 WL 6441580, at *1-2 (W.D. Va. Oct. 28, 2016), vacated and remanded on other grounds, 692 F. App'x 724 (4th Cir. 2017).

For each of these reasons, Culbertson's petition must be denied.

Accordingly, **IT IS ORDERED** as follows:

1. Harlan Culbertson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court shall enter a Judgment contemporaneously with this Memorandum Opinion and Order.

Dated November 20, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY